IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Walton, | ) |
|                            Plaintiff, | ) C.A. No. 6:09-462-HMH-BHH |
| vs. | ) **OPINION AND ORDER** |
| Lockheed Martin Aircraft Center, | ) |
|                           Defendant. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiff Michael Walton ("Walton"), proceeding pro se, asserts claims against Lockheed Martin Aircraft Center ("Lockheed") under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, including discrimination, harassment, and hostile work environment. Walton also raises numerous state law causes of action, including breach of contract accompanied by a fraudulent act, negligent misrepresentation, constructive fraud, and outrage. On April 19, 2010, Lockheed filed a motion for summary judgment. Walton filed his memorandum in opposition to summary judgment on May 24, 2010. Magistrate Judge Hendricks recommends granting Lockheed's motion for

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

summary judgment on all claims. (Report & Recommendation, generally.) Walton submitted objections to the Report on September 14, 2010, and filed amended objections the following day. After review, and for the reasons set forth below, the court grants Lockheed's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

From September 2004 until June 2008, Lockheed employed Walton as a Level 1 sheet metal mechanic. (Def. Resp. Objections 2.) Lockheed hired Walton through its Sheet Metal Training Program, which consisted of six weeks of training at Greenville Technical College coupled with on-the-job training at Lockheed. (Id.) Lockheed requires Level 1 sheet metal mechanics to progress to Level 2 within three years. (Id.) To move to Level 2, a mechanic must pass a Level 2 Sheet Metal Assessment Test. (Id.) This examination is a content-based test that simulates tasks formed on the job. (Id. at 3.) Walton took Lockheed's Level 2 Sheet Metal Assessment Test in September 2007, after three years of employment, and failed. (Def. Resp. Objections 3.) Pursuant to its written policies regarding unsatisfactory work, Lockheed placed Walton on a Performance Improvement Plan ("PIP"), which contained objectives that Walton had to satisfy to continue to work at Lockheed. (Id.) Further, the PIP expressly required Walton to pass the Level 2 examination within ninety days. (Id.)

In accordance with the PIP, Walton received on-the-job training with a technical trainer to evaluate his performance. (Id.) Walton was scheduled to retake the assessment on February 18, 2008. (Id. at 3-4.) Due to intermittent absences, Lockheed extended Walton's retest date to provide him with sufficient time to prepare for the exam. (Def. Resp. Objections

4.) On June 18, 2008, Walton failed the Level 2 Assessment Test again. (Id.) Lockheed subsequently terminated Walton. (Id.)

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). When reviewing the pleadings of a pro se plaintiff, however, the court must liberally construe his pleadings to allow the development of a potentially meritorious case. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

## B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, the court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that most of Walton's objections are non-specific and merely restate his claims. However, the court has identified two specific objections: (1) in disposing of the retaliation claim, the magistrate judge erred in stating that Walton "has not put forward any actual evidence that absences were approved or that his version of other incidents can be believed" and (2) the magistrate judge erred in failing to consider Walton's airframe license as evidence of job competency. (Objections 3, 6.); (Report & Recommendation 12.)

In support of his first objection, Walton alleges that his performance assessment indicates that Lockheed approved his intermittent absences. (Am. Objections Ex. B ("Performance Assessment Report").) Walton, however, fails to show the court how Lockheed's purported approval of his absences is beneficial to his retaliation claim and should preclude summary judgment.

Under Title VII's retaliation provision, an employer is prohibited from "discriminat[ing] against" an employee "because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, Walton must show: (1) that he engaged in a protected activity; (2) that an adverse employment action was

taken against him; and (3) that a causal link existed between the protected activity and the adverse employment action.  Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 258 (4th Cir. 1998).  The magistrate judge concluded that summary judgement was proper for the retaliation claim because Walton could not "establish an adverse employment action which could ever be viewed as causally related to any complaint" by Walton.  (Report & Recommendation 13.)

Walton contends that Lockheed retaliated against him, in part, through write-ups for absences which were allegedly excused.  (Objections 4.)  The magistrate judge found that Walton failed to proffer any evidence that Lockheed approved Walton's absences, and she further stated that "most importantly, [Walton] has not explained how any of these allegedly improper write-ups were related to his termination."  (Id. 12.)  The court agrees with the magistrate judge that Walton has failed to show how his write-ups for absences, even if excused, establish a prima face case for retaliation.  Walton presented no evidence showing that Lockheed terminated him because of absences.  Rather, the evidence shows that Lockheed fired Walton because he failed the required Level 2 Assessment Examination.  Because Walton has failed to show how the alleged write-ups are in any way related to an adverse employment action taken against him, the court finds that this objection is without merit.

Walton also argues that the magistrate judge erred in failing to consider his airframe license in concluding that Walton was unable to establish a prima facie case for race discrimination.  After review, the court finds that the magistrate judge properly considered Walton's various licenses.  (Id. 8.)  Finding no error, the court agrees with the magistrate judge that Walton's airframe license fails to preclude entry of summary judgment.

After a thorough review of the magistrate judge's Report, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

It is therefore

**ORDERED** that Lockheed's motion for summary judgment, docket number 85, is granted.

**IT IS SO ORDERED.**

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
October 7, 2010

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.